IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CLEVELAND)

| | | |
|---|---|---|
| NICHOLAS GAY <br> 4132 Sherwood Forest Drive <br> Traverse City, Michigan 49686, | ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. |
| Plaintiff, | ) <br> ) | |
| VS. | ) <br> ) <br> ) | JUDGE |
| VAN ENKEVORT TUG AND BARGE, INC. <br> 31251 Bradley Road <br> North Olmsted, Ohio 44070, | ) <br> ) <br> ) <br> ) <br> ) | **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

Now comes, NICHOLAS GAY, hereinafter referred to as 'Plaintiff,' complaining of VAN ENKEVORT TUG AND BARGE, INC., hereinafter referred to as 'Defendant,' and would respectfully show as follows:

I.
JURISDICTION

1. This is an action within the maritime jurisdiction of this Court. This claim is maintained under the Jones Act, 46 U.S.C. § 30104, and the General Maritime Law of the United States.

II.
PARTIES

2. Plaintiff, NICHOLAS GAY, a person of majority age, is a resident of Grand Traverse County, Michigan.

3. Defendant, VAN ENKEVORT TUG AND BARGE, INC., is a foreign corporation doing

1

business in the Northern District of Ohio.  This Defendant may be served with due process at its registered agent for service of process in Ohio, VAN ENKEVORT TUG AND BARGE, INC., 31251 Bradley Road, North Olmsted, Cuyahoga County, Ohio 44070.

### III.
### VENUE

4. Venue is proper in the Northern District of Ohio because Defendant conducts substantial business in this District and because of a written agreement between Plaintiff and Defendant stipulating that venue is proper in the Northern District of Ohio.

### IV.
### FACTS

5. Plaintiff, NICHOLAS GAY, would show that this lawsuit has become necessary as a result of personal injuries received on or about August 19, 2021.

6. On or about August 19, 2021, Plaintiff, NICHOLAS GAY, sustained injuries during the course and scope of his employment as a deckhand for Defendant, VAN ENKEVORT TUG AND BARGE, INC.

7. At all material times, Plaintiff was a Jones Act seaman employed by Defendant, VAN ENKEVORT TUG AND BARGE, INC.

8. At all material times, Plaintiff was employed in service of the articulated tug and barge unit consisting of the M/V CLYDE S VAN ENKEVORT and Barge ERIE TRADER, and Plaintiff was a member of said vessel's crew.

9. At all material times, the articulated tug and barge unit consisting of the M/V CLYDE S VAN ENKEVORT and Barge ERIE TRADER was owned, operated and/or controlled by Defendant, VAN ENKEVORT TUG AND BARGE, INC., and said vessel was in navigable waters of Lake Michigan.

10. On or about August 19, 2021, employees and/or agents of Defendant negligently caused Plaintiff to sustain injuries in service of the M/V CLYDE S VAN ENKEVORT and Barge ERIE TRADER.

11. At the time of the occurrence, Plaintiff, NICHOLAS GAY, was painting the exterior upper level of the barge's A-frame, which required him to stand on the hinged extension piece of a catwalk attached to the portside of the barge's A-frame.

12. At all material times, Plaintiff was working under the orders of his superiors aboard the vessel and utilizing the equipment and tools provided to him by Defendant.

13. At all material times, Defendant's policies and procedures, and the instructions given by Defendant through Plaintiff's superiors, did not require Plaintiff to use a safety harness.

14. While painting the underside of the extended walkway on the barge's A-frame, Plaintiff heard a noise and suddenly the hinged extension piece of the catwalk failed from under him, sending the Plaintiff falling approximately ten feet onto the hopper and steel deck below.

15. Plaintiff's back landed on a raised structural rib of the hopper and his head struck with a violent snap back motion.

16. After a few hours of being laid out on the deck in the hot sun, Plaintiff was rescued and airlifted by the United States Coast Guard to Munson Medical Center in Traverse City, Michigan for emergency medical treatment.

17. As a result of the Defendant's negligence and the unseaworthiness of its vessel, the Plaintiff sustained serious and debilitating injuries to his head, brain, neck, and back, and mental health, among other parts of his body.

V.
FIRST CAUSE OF ACTION FOR NEGLIGENCE

18. On or about August 19, 2021, Defendant, VAN ENKEVORT TUG AND BARGE, INC.,

was negligent, and said negligence was a proximate cause of Plaintiff's injuries.

19. At all relevant times, it was feasible for Defendant to provide to Plaintiff, and Defendant owed to Plaintiff, duties of care to provide, inter alia, a safe place to work.

20. Plaintiff further contends that on the occasion in question, Defendant, acting through its officers, agents, servants and/or employees, was careless and negligent in the following respects:

   a. In failing to provide a safe work environment;
   b. In failing to perform a risk assessment or job safety analysis prior to the task at hand;
   c. In failing to account for the fall risk associated with the task at hand;
   d. In failing to provide Plaintiff with the proper safety equipment for the task at hand;
   e. In failing to supervise the work being performed or require that crewmembers use a safety harness or other fall protection;
   f. In failing to inspect and maintain the vessel, its equipment, and gear, including the catwalk and hinged extension piece, in safe working condition;
   g. In failing to have adequate safety policies and procedures for inspection and maintenance of the vessel;
   h. In failing to have adequate safety policies and procedures for fall prevention; and,
   i. Other acts of negligence as proven at time of trial.

21. Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to suffer the hereinafter complained of injuries for which Defendant, VAN ENKEVORT TUG AND BARGE, INC., is liable to Plaintiff in damages.

22. On said date, and as a direct and proximate result of the negligent acts of Defendant, Plaintiff incurred severe and debilitating injuries to his head, brain, neck, back, and mental health.

23. Said occurrence and said injuries occurred as a result of the negligence of Defendant, VAN ENKEVORT TUG AND BARGE, INC., its agents, servants, and/or employees, acting in the course and scope of their employment and agency.

VI.
SECOND CAUSE OF ACTION FOR UNSEAWORTHINESS

24. At all times material hereto, Defendant, VAN ENKEVORT TUG AND BARGE, INC.,

owned, operated, and/or controlled the articulated tug and barge unit consisting of the M/V CLYDE S VAN ENKEVORT and Barge ERIE TRADER.

25. At all relevant times, it was feasible for Defendant, VAN ENKEVORT TUG AND BARGE, INC., to provide to Plaintiff, and said Defendant owed to Plaintiff, duties to provide, a vessel seaworthy in all respects, including but not limited to its hull, engines, apparel, appurtenances, equipment, furnishings, fixtures, and complement.

26. Defendant, VAN ENKEVORT TUG AND BARGE, INC., breached said duty of care by failing to provide any and/or all of these particulars or others as may be disclosed upon discovery hereafter.

27. On or about August 19, 2021, Defendant, VAN ENKEVORT TUG AND BARGE, INC., was careless and negligent in breaching the above duties of care, and the vessel was unseaworthy in the following particulars:

   a. The vessel had an incompetent master and/or crew;
   b. The vessel lacked adequate fall protection;
   c. The catwalk in question was not in safe, working condition;
   d. The catwalk and hinged extension piece were not reasonably fit for their intended purpose of supporting personnel;
   e. There was insufficient hinge size and poor design for the barge's catwalk and hinged extension piece;
   f. The catwalk and hinged extension piece had severe corrosion;
   g. The catwalk and hinged extension piece had hinges that were not of sufficient sturdiness to hold personnel; and,
   h. Other unseaworthy conditions as proven at time of trial.

28. Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to suffer the hereinafter complained of injuries for which Defendant, VAN ENKEVORT TUG AND BARGE, INC., is liable to Plaintiff in damages.

VII.
THIRD CAUSE OF ACTION FOR MAINTENANCE AND CURE

29. As a result of the shipboard injuries described herein which manifested themselves while

Plaintiff was in the service of the articulated tug and barge unit consisting of the M/V CLYDE S VAN ENKEVORT and Barge ERIE TRADER, Plaintiff has sought reasonable and necessary medical treatment and is entitled to maintenance benefits.

30. Plaintiff further alleges that it was, and still is, the duty of Defendant, VAN ENKEVORT TUG AND BARGE, INC., as his employer, to furnish him with maintenance and cure and loss of wages.

31. Plaintiff states that in addition to such maintenance and cure benefits as he is entitled, he has found it necessary to engage attorneys to represent him in the maintenance and cure action that he is entitled to and brings a suit for the reasonable attorney's fees incurred in the collection of the maintenance and cure benefits due to him.

32. Plaintiff has in the past and/or will in the future, be caused to suffer the following described injuries and/or losses, for which Defendant, VAN ENKEVORT TUG AND BARGE, INC. is liable to Plaintiff:

    a. Maintenance and cure benefits accrued to the date of trial and for a reasonable time in the future, as may be found necessary;
    b. Physical and emotional injury, pain and suffering;
    c. Prolongation and/or aggravation of injuries;
    d. Indebtedness for health care expenses;
    e. Indebtedness for daily living expenses;
    f. Prejudgment interest; and,
    g. Attorney's fees.

## VIII.
## DAMAGES

33. As a direct and proximate result of the occurrence alleged, Plaintiff sustained severe and painful injuries to his body and mind, and shock and injury to his nervous system and person, all injuries which have caused and continue to cause great physical and emotional pain and suffering.

34. In connection therewith, Plaintiff would show that he has sustained severe pain, physical

impairment, discomfort, mental anguish, and distress to date.

35. Plaintiff is informed and believes and alleges that, in all reasonable probability, some or all of said injuries will result in permanent damage, disability, and pain and suffering, causing general damages in an amount to be determined at trial.

36. Moreover, Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity.

37. Furthermore, he has incurred and will incur pharmaceutical and medical expenses in connection with said injuries.

38. By reason of the foregoing, Plaintiff would show that he has been damaged in a sum, to be determined at trial, far in excess of the minimum jurisdictional limits of this Honorable Court, for which amount he comes now and sues.

39. By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendant, VAN ENKEVORT TUG AND BARGE, INC., is liable to Plaintiff:

    a. Reasonable and necessary medical expenses in the past and in the future;
    b. Physical pain and suffering in the past and in the future;
    c. Mental anguish in the past and in the future;
    d. Loss of earning capacity in the past and in the future;
    e. Physical disfigurement in the past and in the future; and,
    f. Physical impairment in the past and in the future.

40. All said injuries and damages in an extent, not now precisely known, in excess of $20,000,000.00.

## IX.
## JURY DEMAND

41. Plaintiff demands a trial by jury and tenders the appropriate fee.

## X.
## PRAYER

42. WHEREFORE, PREMISES CONSIDERED, Plaintiff, NICHOLAS GAY, prays that Defendant, VAN ENKEVORT TUG AND BARGE, INC., be cited to appear and answer herein in a form and manner prescribed by law, and after jury trial of the merits of this cause, Plaintiff have judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interest at the maximum legal rates, all costs of Court, and all such other and further relief, be it general or special, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

THE BECKER LAW FIRM, LPA

*/s/ Michael F. Becker*
Michael F. Becker (0008298)
David E. Oeschger, Jr. (0085698)
134 Middle Avenue
Elyria, Ohio 44035
Phone (440) 323-7070
Fax (440) 323-1879
mbecker@beckerlawlpa.com
doeschger@beckerlawlpa.com
*Counsel for Plaintiff*

and

SCHECHTER SHAFFER, & HARRIS, LLP

*/s/ Matthew D. Shaffer*
Matthew D. Shaffer (*pro hac vice* application pending)
Laura B. De La Cruz (*pro hac vice* application pending)
3200 Travis Street, Third Floor
Houston, Texas 77006
Phone  (713) 524-3500
Fax (866) 696-5610
mshaffer@smslegal.com
ldelacruz@smslegal.com
*Co-Counsel for Plaintiff*